```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                                              v.                              **Hon. Hugh B. Scott**

                                                                                11CR193S

ANTHONY AVERY,                                               **Order**
SPIWE BARNES, et al.,

                                    Defendants.

      Before the Court are the omnibus motions of defendants Anthony Avery (Docket Nos. 34, 74) and Spiwe Barnes (Docket Nos. 68, 76). This Order considers whether to hold hearings and on which subjects should hearings be conducted for defendants' pending motions.

      In a separate (but related) Indictment against Barnes, defendant was charged in multiple counts with conspiracy to possess controlled substances, money laundering, possession of cocaine, maintaining a drug-involved premises, possession of firearms in furtherance of drug trafficking, and being a felon in possession of firearms, United States v. Barnes, No. 11CR208, Docket No. 1 (Indict.). Barnes also sought omnibus discovery relief, Barnes, supra, Docket No. 8, and an evidentiary hearing was held in that case, id., Docket Nos. 16 (Order for hearing), 18 (transcript of Mar. 19, 2012, hearing); id., text minute entry, Mar. 19, 2012. The counts alleged against Barnes in No. 11CR208 were realleged in the Superseding Indictment in the Avery case, No. 11CR193 (Docket No. 56) and the free standing Barnes prosecution was dismissed, Barnes, supra, Docket No. 23. The parties agreed that the motions filed in the free standing Barnes case would be incorporated into Barnes' arguments in the Avery prosecution

(see Avery, supra, Docket No. 67, Gov't Response at 16 n.2). This Court thus adopts the record thus presented in the Barnes case as applicable to Barnes in the Avery case.

Now before this Court, in addition to the former Barnes omnibus motion discussed above, are the following. Avery seeks filing of a Bill of Particulars; disclosure of Government informants; discovery; production of Jencks Act material (seeking it at least eight weeks before trial); production of Brady material; Federal Rules of Evidence 404(b), 608, and 609 disclosure; preservation of agents' notes; production of Grand Jury minutes (Docket Nos. 34, 76). He also seeks dispositive relief (such as suppression of statements, exclusion of statements by non-testifying co-conspirators, overturning the wiretap interception orders and suppress evidence obtained from wiretap, and suppression of physical evidence, production of unredacted search warrant applications, and conducting a Franks[1] hearing).

Barnes also seeks production of discovery; disclosure of Government informants; production of Brady material; production of Jencks Act material; Federal Rules of Evidence 403, 404(b), 609, and 807 disclosure (Docket No. 68). Barnes also seeks certain dispositive relief (suppression of his statements; suppression of eavesdropping evidence; suppression of evidence seized from 42 Orange Street, Buffalo, New York; a Franks hearing; suppression of evidence seized during the stop and seizure of his vehicle in January 19, 2008; and production of unredacted search warrant application, Docket Nos. 68, 76) which also will be considered separately from this Order.

Motions in the Avery case initially were due by December 19, 2011, with responses due January 9, 2012 (Docket No. 18), and further briefing was allowed and these motions were

---

[1]Franks v. Delaware, 438 U.S. 154 (1978)

argued on December 21, 2012 (Docket Nos. 69, 71), then reset to January 4, 2013 (Docket No. 81). Considered separately was the motion of codefendant Linda Johnson (Docket No. 19; see Docket No. 78, Order of Dec. 17, 2012), save where she joined in codefendants' motions. Johnson's remaining pending motion wherein she joined in codefendants' motions will be addressed in this Order.

BACKGROUND

This is a drug possession conspiracy case. As alleged in the Superseding Indictment (Docket No. 56), Avery and Barnes (with Johnson and another defendant) were charged with conspiring to possess with the intent to distribute 5 kilograms or more of cocaine, between January 2008 and June 14, 2011, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (id.). The other counts alleged against Barnes in the dismissed prosecution are asserted in this action as Counts 2-6; in particular, Count 2 now alleges that Barnes and Avery conspired to launder money (Docket No. 56, Superseding Indict.).

During argument on January 4, 2013, this Court ordered the Government to produce to defense counsel (for attorney's eyes only) the unredacted warrant applications. These motions were not deemed submitted until determination of whether to hold hearings and (if held) after the hearings concluded (Docket No. 84).

DISCUSSION

I.  Standing to Controvert Search Warrant

Avery argues, in support of conducting a Franks hearing, that Agent Brian Chella did not present reliable information that Avery resided at 85 Floss Avenue, Buffalo, New York (Docket No. 74, Avery Atty. Aff. ¶¶ 19, 12, 20), that, in fact, Avery resided miles away on 15 Kane Street

(id. ¶ 20), but concludes that he had an expectation of privacy there to seek suppression, offering to provide an affidavit as to his standing (id. ¶ 37). Thus, Avery argues that the Government failed to show that he lived at 85 Floss Avenue while also arguing that he had an expectation of privacy there. It is thus unclear whether Avery has standing to seek suppression of materials seized from 85 Floss Avenue. This Court orders that such an affidavit be filed by the date stated in the Conclusion of this Order.

II.     Franks Hearing

A defendant is entitled to a Franks hearing if he or she makes a substantial preliminary showing that the Government affiant made either a deliberate falsehood or statements made in reckless disregard of the truth to the issuing judge, see United States v. Falco, 544 F.3d 110, 125 (2d Cir. 2008); Franks v. Delaware, 438 U.S. 154, 170-71, 155-56 (1978); United States v. Humphrey, No. 10CR25, Docket No. 68, Order of Feb. 18, 2011, at 2-3, 2011 WL 691767, at *1 (W.D.N.Y. Feb. 18, 2011) (Scott, Mag. J.) (substantial preliminary showing required that false statement or omission in affidavit) (see Docket No. 79, Gov't Response at 1).

Here, both defendants seek a Franks hearing as to the basis for the search warrants issued for the respective searched premises, and Avery seeks a Franks hearing as to the wiretap Order (which served as a partial basis for the subsequent search warrant). Barnes argues that there was no reliable indication that he resided at 42 Orange Street, Buffalo, New York, where agent Chella knew that Barnes lived at another address (Docket No. 76, Barnes Atty. Aff. at 5, 3-4). Barnes notes that Chella states Barnes' address in two instances in a 64-page affidavit, characterizing these allegations as being conclusory (id. at 4). The Government responds that Chella sufficiently established that Barnes resided at Orange Street (Docket No. 80, Gov't Response at

4

1-2, citing Chella Aff. ¶¶ 20, 67). Chella there stated that defendant Tyree Bishop told him that he purchased drugs from Barnes at Barnes' residence, 42 Orange Street (id., citing Chella Aff. ¶ 20) and DEA agents observed Barnes' vehicle parked at that address (id., citing Chella Aff. ¶ 67). Barnes, however, **has not made a substantial preliminary showing** that agent Chella made either a deliberate falsehood or made statements in reckless disregard of the truth to the undersigned. The quantity of references to Barnes' residence does not establish either a deliberate falsehood or reckless omission. Barnes does not allege (unlike Avery) that he resided at another address. Barnes's motion for a <u>Franks</u> hearing is **denied**.

As stated above, Avery contends that agent Chella omitted information in his affidavit for the search warrant that Avery may not reside at 85 Floss Avenue (Docket No. 74, Avery Atty. Aff. ¶¶ 19-22). The basis for Chella's statement was Confidential Source 2, who stated that he purchased cocaine monthly from Avery at that address between November 2009 to November 2010 (Docket No. 79, Gov't Response at 2, quoting Chella Aff. ¶¶ 14, 34). The Government responds that Chella stated in his affidavit that someone else other than Avery resided at 15 Kane (Docket No. 79, Gov't Response at 2, citing Chella Aff. ¶ 72 (noting that Avery's grandmother also lived at 15 Kane)). The Government also states that Avery's residence at 85 Floss Avenue was confirmed by surveillance (id.). The fact that Avery may have resided with his grandmother at Kane Street does not preclude probable cause that he also resided at Floss Avenue. Avery, therefore, **did not make** a substantial preliminary showing that agent Chella made either a deliberate falsehood or statements made in reckless disregard of the truth to the undersigned. Avery's motion for a <u>Franks</u> hearing is **denied**.

5

III.     Other Potential Hearings Sought in These Motions

Barnes sought a hearing for statements allegedly made during the June 14, 2011, search of 42 Orange Street (Docket No. 68, Barnes Atty. Aff. ¶¶ 43-46). There was a hearing conducted on March 19, 2012, on these statements in the Barnes action, 11CR208, Docket No. 18, and that hearing was carried over into the Avery prosecution. The Government has supplied further briefing following that hearing (Docket No. 67, Gov't Response at 16-23) but Barnes has not. At the conclusion of argument in Avery, **Barnes will be given an opportunity to respond to the record established at the Barnes hearing**.

Barnes also moves for a suppression hearing regarding the statements he allegedly made during a traffic stop on January 19, 2008 (Docket No. 76, Barnes Atty. Aff. ¶¶ 17-27). The Government consents to that hearing (Docket No. 80, Gov't Response to Barnes at 6). A suppression hearing as to the January 19, 2008, traffic stop will be ordered in a separate Order.

Finally, Barnes moves for a hearing as to identification procedures used with witnesses who were shown his picture (Docket No. 68, Barnes Atty. Aff. ¶¶ 54-59). The Government, however, claims that it was not aware of any identification procedures used to identify Barnes (Docket No. 67, Gov't Response to Barnes at 29). Therefore, Barnes' motion for a hearing on this issue is **denied**.

CONCLUSION

Avery is to produce by **February 11, 2013**, an affidavit establishing his standing to contest the search warrant executed for 85 Floss Avenue, and this Court will determine at that point whether to conduct a suppression hearing. As for the Franks hearings sought by the

movants, Barnes' motion (see Docket No. 76) for a hearing is **denied** and Avery's motion (see Docket No. 74) for a hearing is **denied**.

A suppression hearing **will be conducted** as to Barnes' motion to suppress statements made during his January 19, 2008, traffic stop.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 4, 2013